# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE ZAVEN KESSEDJIAN,** | **1:11-cr-000237 LJO SKO 1** |
| Petitioner, | **ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 MOTION (DOC. 97)** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

Steve Zaven Kessedjian ("Petitioner") is serving a 21 month term of imprisonment imposed after he pleaded guilty to one count of mail fraud. Doc. 80 (Judgment and Commitment). As part of his plea agreement, Petitioner waived his right to appeal, including his right to collaterally attack his "plea, conviction, order of forfeiture, order of restitution and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." *See* Doc. 94. Petitioner's direct appeal to the Ninth Circuit was dismissed based upon his waiver of appeal rights. *Id*. On February 9, 2015 Petitioner filed a motion to set aside or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"), asserting: (1) the amount of loss for restitution was calculated incorrectly by the prosecution and the Court; (2) victims' statements were perjurious and constituted a fraud on the court, and the prosecution knew the statements were false but allowed them to be presented to the Court anyway; and (3) the criminal history calculation used by the Court at sentencing was erroneous.  Doc. 97.

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce,* 357 F.3d 921, 922 (9th Cir.2004). "[A] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States*

*v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994). Here, there can be no dispute that Petitioner expressly waived his right to file a § 2255 motion as part of his plea agreement.

Notwithstanding an express plea waiver of the right to file a motion pursuant to § 2255, a defendant may not waive claims challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). Here, however, none of the claims raised in Petitioner's § 2255 Motion concern the voluntariness of his plea or entry into the waiver agreement. Rather, they concern the merits of factors used to set his sentence and restitution. Therefore, this Court must dismiss Petitioner's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would find dismissal of Petitioner's § 2255 motion debatable. Therefore, no certificate of appealability will issue.

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is DISMISSED. No certificate of appealability will issue.

IT IS SO ORDERED.

Dated:   **March 26, 2015**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

2